Le SUEUR, Judge.
On motion of Sidney K. Steinfeld, the court considered a motion to dismiss an appeal filed by Dora Hurwitz Steinfeld that had been treated as a supplemental appeal to an appeal previously filed by defendant.
On May 9th, 1969 a judgment was granted in favor of plaintiff, Dora Hurwitz Steinfeld, against defendant, Sidney K. Steinfeld, ordering the latter to pay alimony to the former and enjoining both parties from disposing of, alienating, en *756 cumbering, damaging or destroying any of the community assets and from molesting, interfering or disturbing each other. A devolutive appeal from this judgment was granted to defendant on May 20th, 1969. The return day was set for July 15th and the record was lodged in this court on June 25th, 1969.
On August 14th, 1969, plaintiff was granted a devolutive appeal from the judgment of May 9th, setting the return date as September 1st, 1969. On August 26th, this appeal was lodged in this court and treated as a supplemental appeal to the appeal lodged on June 25th by defendant and not as a separate appeal or an answer by plaintiff.
The wording of plaintiffs motion for appeal is important. It states:
' “On motion of Dora Hurwitz, wife of Sidney K. Steinfeld, through her attorney, Leo S. Roos, and on suggesting to the Court that Plaintiff is aggrieved in part by the judgment herein rendered on the 9th day of May, 1969, that the said judgment is correct in part but contrary to the law and evidence in part and that Mover desires to appeal, separately and devolutively, therefrom to, and the Defendant has also appealed to and lodged the record in, the Court of Appeal, Fourth Circuit, State of Louisiana: * * (Emphasis added.)
LSA-C.C.P. Arts 3942 and 3943 limit the time within which an appeal may be filed from a judgment granting alimony to a period of 30 days from the applicable date, provided in LSA-C.C.P. Art. 2087(1), (3). This particular action is an exception to the 90-day period usually allowed for a de-volutive appeal. In any case, plaintiff’s appeal was filed more than 90 days subsequent to the judgment being rendered and was not timely filed.
Assuming arguendo, and ignoring the wording and obvious intent of plaintiff’s motion to appeal, that plaintiff’s motion be considered as an answer to defendant’s appeal, it would still have to be dismissed for not having been timely filed. LSA-C.C.P. Art. 2133 states that an answer to an appeal, stating the relief desired, must be filed “not later than fifteen days after the return day or' the lodging of the record, whichever is later.” Plaintiff’s appeal was filed more than 15 days after June 25th, 1969, when the record was lodged in the Appellate Court and more than 15 days after the return date originally set on July 15th, and was, therefore, not timely filed.
For the reasons given above, the motion to dismiss the appeal of Dora Hurwitz, wife of Sidney K. Steinfeld, is granted and the appeal is dismissed and set aside, at her cost.
Plaintiff’s appeal dismissed.